UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL MCATEE,

                PLAINTIFF,

-AGAINST-

NEW YORK CITY and DETECTIVE EDWARD PATTERSON, individually and in his capacity as a member of the New York City Police Department,

                DEFENDANTS.

**COMPLAINT**

**18-CV-3706**

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff, Mr. Michael McAtee ("Mr. McAtee"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about November 29, 2016, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. McAtee to *inter alia* false arrest, denial of right to a fair trial, and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. McAtee, is a United States citizen and at all times here relevant resided at 310, East 4th Street, Manhattan, NY 10009.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Detective Edward Patterson ("Detective Patterson") was at all times here relevant a member of the NYPD and is sued in his individual and professional capacity.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. McAtee is a 33 year-old African American male.

11. In the early hours of November 29, 2016, Mr. McAtee was with a friend in a bar in Staten Island.

12. Mr. McAtee left the bar and went to the bus stop on Holland Avenue to take a bus to the ferry terminal.

13. While waiting for the bus, Mr. McAtee made his way towards a deli on Holland Avenue to purchase cigarettes.

14. Mr. McAtee then heard a series of popping sounds.

15. Mr. McAtee felt pain in his hip and felt fluid dripping down his leg.

16. Mr. McAtee realized he had been shot in the hip.

17. Mr. McAtee sought help and entered a nearby building at 35 Holland Avenue.

18. Mr. McAtee called out for someone to dial 911.

19. The residents of an apartment in the building called 911 and the police and an ambulance arrived shortly thereafter.

20. Mr. McAtee was taken in the ambulance to Richmond University Medical Center, where he was treated for a gunshot wound to the anterior left hip.

21. Mr. McAtee was kept at the hospital and underwent surgery on the gunshot wound on 1 December, 2016.

22. Following the surgery, Detective Patterson came to the hospital and arrested Mr. McAtee.

23. Mr. McAtee was not informed as to the charges against him.

24. Mr. McAtee was handcuffed to the hospital bed and was not free to leave the hospital.

25. Mr. McAtee was held in the hospital for approximately a week.

26. On or about December 5, 2016, Mr. McAtee was arraigned via videoconference from the hospital on charges of Criminal Possession of a Firearm, Criminal Possession of a Weapon 2nd Degree, and Criminal Possession of a Weapon 4th Degree.

27. In the Criminal Court Complaint, Detective Patterson falsely stated that Mr. McAtee possessed a loaded firearm and that the possession took place outside of Mr. McAtee's home and place of business.

28. Mr. McAtee was not in possession of a weapon at any time during the incident.

29. The weapon used to shoot Mr. McAtee in the hip was not recovered.

30. Mr. McAtee does not live or work in Staten Island.

31. Following the arraignment, Mr. McAtee was released on his own recognizance.

32. Mr. McAtee had to attend court on several occasions before all charges were eventually dismissed.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

33. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

34. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

35. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

36. Defendants confined Plaintiff.

37. Plaintiff was aware of, and did not consent to, his confinement.

38. The confinement was not privileged.

39. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

40. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

41. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

42. Defendants have deprived Plaintiff of his right to a fair trial, pursuant to the Fourteenth and Sixth Amendments to the United States Constitution.

43. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

44. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

45. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

47. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

48. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to Plaintiff's rights.

49. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

50. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
> And such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 26, 2018

By: _____/s/_____
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075